Hendrik PADMASANA;  Lydia Anggraini Padmasana, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–73418.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kaaren L. Barr, Esq., Seattle, WA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, U.S. Department of Justice, Office of the District Counsel, Seattle, WA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Hendrik Padmasana and his wife, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc), we deny the petition for review.

█ Substantial evidence supports the agency's denial of asylum because Padmasana has not provided sufficient evidence that he has been, or is likely to be, specifically targeted for persecution, and

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his general fear of harassment, discrimination, and sporadic violence is insufficient to render him eligible for asylum. *See id.* at 1181. Substantial evidence further supports the agency's well-founded fear finding because Padmasana's two adult children remain in Indonesia unharmed. *See Aruta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996). Thus, Padmasana failed to establish eligibility for asylum.

 Because Padmasana failed to demonstrate eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

 Substantial evidence supports the agency's denial of CAT relief because Padmasana failed to show it was more likely than not that he would be tortured in Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**